IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JANE DOE I, Individually and as Parent, Natural Guardian and Next Friend of JANE DOE II, a Minor,**<br><br>Plaintiff,<br><br>v.<br><br>**BIBB COUNTY SCHOOL DISTRICT,**<br><br>Defendant. | Civil Action No. 5:12-CV-468-MTT |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Jane Doe I, Individually and as Parent, Natural Guardian and Next Friend of Jane Doe II, a Minor, and shows the Court the following for her First Amended Complaint against Defendant Bibb County School District:

### Parties

1.

Jane Doe I and Jane Doe II are pseudonyms for the real parties in interest in this action. Plaintiff is entitled to use these pseudonyms to prosecute this action because the matters involved in this action are of a highly sensitive and personal nature and the right of Plaintiff and her daughter to privacy with respect to those matters outweigh any other interest that may exist.

2.

Plaintiff Jane Doe I is a citizen of the United States and she resides in Bibb County, Georgia.

3.

Plaintiff Jane Doe I is the parent and natural guardian of Jane Doe II.

4.

Plaintiff Jane Doe I is bringing this action in her individual capacity and on behalf of her daughter Jane Doe II.

5.

Jane Doe II resides in Bibb County, Georgia.

6.

Defendant Bibb County School District ("the School District") is a corporate body having its principal place of business in Macon, Bibb County, Georgia.

## Jurisdiction and Venue

7.

This Honorable Court has original jurisdiction over this civil action because it arises under the Constitution and laws of the United States.  28 U.S.C. § 1331; U.S. Const., Amend. 14; 20 U.S.C. § 1681(a); 42 U.S.C. § 1983; 42 U.S.C. § 1988.

8.

Venue is proper in the Macon Division of the United States District Court for the Middle District of Georgia because jurisdiction is not founded on diversity and a substantial part of the events and omissions giving rise to the claims in this action occurred in Bibb County, Georgia which is in the Macon Division of the Middle District of Georgia.

## Facts

9.

The School District is an "educational program or activity receiving Federal financial assistance…" within the meaning of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX").

10.

The School District, by and through its Board of Education, has established and it operates and maintains a public school system for the school-age children of Bibb County, Georgia.

11.

Northeast High School is one of the schools in the public school system established, operated and maintained by the School District.

12.

Jane Doe II is a member of a class that is protected by Title IX.  She is a female.

13.

Jane Doe II suffers from mental and emotional disorders.  Specifically, Jane Doe II suffers from schizophrenia and she has a long history of problematic anxiety which is pervasive in nature and moderate to severe in intensity.  Jane Doe II also suffers from an "intellectual delay." "Intellectual delay" is a disorder that was formerly termed "mental retardation."

14.

On January 19, 2012, Jane Doe II was a special education student at Northeast High School.

15.

Jane Doe II's chronological age on January 19, 2012 was 16.  Her mental age at the time, however, was only nine (9).

16.

Because of her mental and emotional disorders, Jane Doe II has been declared incompetent judicially.

17.

As of January 19, 2012, the School District had a policy, practice and/or custom of failing to provide any or minimally adequate training or guidance to the teachers at Northeast High School with respect to student safety.

18.

On January 19, 2012, Oslynn Brown was employed by the School District as a teacher at Northeast High School. Ms. Brown's first day of work for the School District was January 6, 2012.

19.

Consistent with its policy, practice and/or custom, the School District failed to provide Ms. Brown any or minimally adequate training or guidance with respect to student safety, in particular for special education students with serious mental, emotional and/or cognitive developmental deficits of the sort from which Jane Doe II suffered.

20.

As of January 19, 2012, it was a policy, practice and/or custom of the School District for teachers to use students to summon students from other classrooms. It was also a policy, practice and/or custom of the School District for teachers to allow students so summoned to leave their classrooms with the students who summoned them. On information and belief, it was also a policy, practice and/or custom of the School District to fail to train teachers at all or minimally adequately to require an identity check of students who claimed to be escorts or human couriers on behalf of another teacher or to verify with the alleged summoning teacher the veracity of a student's claim that he had been asked to serve in that capacity.

21.

On January 19, 2012, Jane Doe II was a student in Ms. Brown's fourth block class.

22.

On January 19, 2012 during Ms. Brown's fourth block class, a male who was apparently a special education student but was unknown to Ms. Brown appeared at Ms. Brown's classroom and falsely told Ms. Brown that another teacher needed the presence of Jane Doe II. Consistent with the School District's policy, practice and/or custom, and as a direct and proximate result of its failure to train as aforesaid, Ms. Brown allowed Jane Doe II to leave the classroom with the male even though the male was unknown to Ms. Brown. On information and belief, Ms. Brown released Jane Doe II into the care and custody of that male without having made any efforts to verify the identity of that male or to check with the other teacher who allegedly required Jane Doe II's presence.

23.

After procuring Jane Doe II from Ms. Brown's classroom, the male led Jane Doe II to a boy's restroom inside Northeast High School. Upon reaching the boy's restroom, the male forced Jane Doe II inside where he and at least five (5) other males brutally raped and sodomized Jane Doe II.

24.

The males who raped and sodomized Jane Doe II at Northeast High School on January 19, 2012 were students at Northeast High School.

25.

The males who raped and sodomized Jane Doe II at Northeast High School on January 19, 2012 were members of a gang known as "MOB." "MOB" is the acronym for "Money over Bitches."

26.

The males who raped and sodomized Jane Doe II at Northeast High School on January 19, 2012 were known by the administration, faculty and staff of Northeast High School to be members of a gang known as "MOB."  The rape and sodomizing of Jane Doe II was initially investigated by defendant District and then by the Macon City Police Department. On information and belief, the rape and sodomizing of Jane Doe II remains under continuing investigation by the Office of the District Attorney for the Macon Judicial Circuit.

27.

The sexual violence that Jane Doe II was subjected to on January 19, 2012 constituted "sexual harassment" within the meaning of Title IX.

28.

Jane Doe II neither welcomed nor consented to the sexual violence to which she was subjected on January 19, 2012.  Jane Doe II lacked the capacity to welcome or consent to such violence.

29.

The sexual violence that Jane Doe II was subjected to on January 19, 2012 had the effect of unreasonably interfering with Jane Doe II's education.

30.

The sexual violence that Jane Doe II was subjected to on January 19, 2012 created an intimidating, hostile, and offensive educational environment that seriously affected the psychological well-being of Jane Doe II.

31.

As a result of the sexual violence that Jane Doe II was subjected to on January 19, 2012, Jane Doe II has been forced to leave the School District's traditional school program. To the extent she is being educated, Jane Doe II is now being educated at her home.

32.

As a result of the sexual violence that Jane Doe II was subjected to on January 19, 2012, Jane Doe II has been denied equal access to the School District's resources and opportunities.

33.

Incidents of sexual harassment of female students by male students at Northeast High School before Jane Doe II was raped and sodomized on January 19, 2012, include, but are not limited to, the following:

(a)   On April 11, 2002, a female student was raped and sodomized by three (3) male students in a restroom at Northeast High School; and

(b)   On April 8, 2008, a female, mentally-disabled student was raped by a male student in a classroom at Northeast High School.

34.

Officials of the School District who had the ability to take measures to end sexual harassment of female students at Northeast High School had actual knowledge of the sexual harassment of female students by male students at Northeast High School and its severe nature

for years before January 19, 2012.  Indeed, just two months before Jane Doe II was raped and sodomized, the School District's Board of Education, upon the recommendation of its Superintendent, agreed to pay $67,000.00 to settle the claims arising out of the April 8, 2008 rape of the female, mentally-disabled student referred to in the preceding paragraph.  The School District, however, took no action or no meaningful or likely effective action thereafter to end sexual harassment of female students, including special education students, at Northeast High School.

35.

Despite its actual knowledge before January 19, 2012, of the sexual harassment of female students, including special education students, at Northeast High School and elsewhere in the District by male students, and of the severe nature thereof, the School District was deliberately indifferent to the harassment and failed to respond appropriately.

36.

Officials of the School District who had the ability to take measures to end sexual harassment at Northeast High School acquired actual knowledge of the sexual violence Jane Doe II was subjected to on January 19, 2012 after it occurred.

37.

Despite its actual knowledge of the sexual violence Jane Doe II was subjected to on January 19, 2012, the School District was deliberately indifferent to the continuing sexual harassment at Northeast High School and elsewhere in the District and has failed to respond appropriately.  For example, the District interrupted its own internal investigation of the incident after that investigation had uncovered evidence of forcible, nonconsensual sexual intercourse.

38.

As of January 19, 2012, the School District had a policy, practice and/or custom of failing and at times refusing to appropriately discipline students. On information and belief, top officials of the District, including its Superintendent, issued instructions or guidelines in response to specific episodes of reported student misbehavior to the effect that lower-level officials should not discipline student violators of school disciplinary rules. On information and belief, these instructions or guidelines were issued at least in part because imposition of discipline would reduce the student population census and in turn the government funding of the District.

39.

For example, just prior to January 19, 2012, some of the male students who brutally raped and sodomized Jane Doe II had committed felony theft at Northeast High School. While the School District's Code of Conduct provides that these students should have been removed from Northeast High School, they were not. Rather, they were permitted to remain at Northeast High School.

40.

Consistent with the School District's policy, practice and/or custom of failing to appropriately discipline students, the School District failed to take any disciplinary action against the male students who raped and sodomized Jane Doe II on January 19, 2012.

41.

While the School District failed to take any disciplinary action against the male students who raped and sodomized Jane Doe II on January 19, 2012, the School District did attempt, ultimately unsuccessfully, to expel Jane Doe II from school because, the School District charged, Jane Doe II had "engaged in/or had knowledge of sexual misconduct on campus." The School

District's own Individual Education Program Team for Jane Doe II (the "IEP Team") considered the charges the School District made against Jane Doe II on March 8, 2012 in accordance with federal law.  The IEP Team did not determine that Jane Doe II had engaged in the conduct with which she had been charged by the School District.  However, the IEP Team did determine that, even if Jane Doe II had engaged in that conduct, any such conduct by Jane Doe II under the circumstances would have been "caused by, or [would have] had a direct and substantial relationship to" Jane Doe II's disability.  As a result of the IEP Team's determination, the disciplinary proceedings the School District initiated against Jane Doe II were terminated.

42.

The School District was deliberately indifferent to the sexual harassment of and sexual violence directed against female students, including special education students, by male students at Northeast High School and the threat posed by the male students who raped and sodomized Jane Doe II.

43.

The acts and omissions of the School District were in reckless disregard of and evidence deliberate indifference to Jane Doe II's constitutional right to bodily integrity.

44.

As a direct and proximate result of the School District's wrongful conduct, including its deliberately indifferent failures to train teachers and discipline students as aforesaid, Jane Doe II has suffered educational injury and serious physical injuries, extreme indignities and humiliation, severe emotional distress, mental anguish, loss of liberty, and a complete violation of that which she considers most sacred and personal.  Jane Doe II will continue to suffer such injuries in the future.  Jane Doe II has received treatment from medical doctors and other health care

professionals for the serious physical, emotional, and mental injuries she sustained and will continue to require such treatment in the future.  Jane Doe I has incurred, and Jane Does I and II or either of them will incur in the future, medical and rehabilitation expenses in connection with the treatment Jane Doe II has received.  Jane Doe I has also lost income and will continue to lose income in the future as a direct and proximate result of the School District's wrongful conduct.

45.

The School District is responsible for the injuries Jane Doe II has suffered and will suffer in the future as a result of the incident at issue as well as the medical expenses and lost income Jane Doe I incurred and will incur in the future as a result of Jane Doe II's injuries and the School District's wrongful acts and omissions.

## Causes of Action

### I.  Title IX

46.

Plaintiff adopts and incorporates herein by reference each and every allegation made in paragraphs 1 – 45 above.

47.

Jane Doe II, on the basis of sex, has been excluded from participation in, has been denied the benefit of, and has been subjected to discrimination under an education program or activity (i.e. the School District), receiving Federal financial assistance in violation of Title IX.

48.

The School District is liable to Plaintiffs under Title IX for damages in such amount that will compensate Jane Doe II for the educational opportunities and benefits Jane Doe II has lost and will lose; the physical, emotional, and mental injuries Jane Doe II has suffered and will

suffer; the lost income Jane Doe I has incurred and will incur; and the medical and rehabilitation expenses for Jane Doe II's care that Jane Does I and II or either of them have incurred or will incur as a result of the School District's violation of Title IX.

## II.  42 U.S.C. § 1983

49.

Plaintiff adopts and incorporates herein by reference each and every allegation made in paragraphs 1 – 48 above.

50.

On January 19, 2012, Jane Doe II had a liberty interest in her bodily integrity that was protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

51.

On and after January 19, 2012, the School District, by and through its policies, practices and/or customs, caused Jane Doe II to be deprived of her liberty interest in her bodily integrity in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In particular, by failing to take minimal precautions to safeguard the bodily integrity of Jane Doe II or other female special education students, the District elevated the preexisting level of danger from sexual predators to which Jane Doe II and other female students, including in particular mentally and emotionally developmentally disabled special education students, were exposed.  The District created this danger despite the special relationship between a public school district and its special education students under federal and state law and the terms of those students' individual education programs.  That special relationship is characterized by the District's custody and virtually complete control not only of the education

of those students but also over their physical placement, transport and movement within and between the District's facilities.

52.

The School District is liable to Plaintiff under 42 U.S.C. § 1983 for damages in such amount as will compensate Jane Doe II for the physical, emotional, mental and educational injuries she has suffered and will suffer as a result of the deprivation of her liberty interest in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The School District is also liable in such amount as will compensate Jane Doe I for the lost income she has incurred and will incur and will compensate Jane Does I and II or either of them for Jane Doe II's medical and rehabilitation expenses that have been or will be incurred as a result of the deprivation of Jane Doe II's liberty interest in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### III.  42 U.S.C § 1988

53.

Plaintiff adopts and incorporates herein by reference each and every allegation made in paragraphs 1 – 52 above.

54.

The School District is liable to Plaintiff under 42 U.S.C. § 1988 for a reasonable attorney's fee, including expert fees, as part of the costs in this action.

### Demand for Jury Trial

Plaintiff demands a jury trial with respect to all issues so triable as a matter of right.

### Prayer for Relief

WHEREFORE, Plaintiff Jane Doe I, Individually and as Parent, Natural Guardian and Next Friend of Jane Doe II, a Minor, respectfully prays for the following relief:

(a) A permanent mandatory injunction requiring the District to take specific measures to safeguard the bodily integrity of its students, in particular its mentally and emotionally developmentally disabled female special education students, from invasion by sexual predators, including other students, on the District's premises and in its facilities and programs;

(b) Judgment in Plaintiff's favor against Defendant that includes the following:

(i) Damages in such amount as will fully compensate Jane Doe II for the educational opportunities and benefits she has lost and will continue to lose; for the physical, emotional, and mental injuries she has suffered and will suffer; and for the consequent medical and rehabilitation costs she may incur, all as a result of Defendant's violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a);

(ii) Damages in such amount as will fully compensate Jane Doe I for the medical and rehabilitation expenses and lost income she has incurred and will incur for the care of Jane Doe II as a result of Defendant's violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a);

(iii) Damages in such amount as will fully compensate Jane Doe II for the physical, emotional, and mental injuries she has suffered and will suffer, and for the consequent medical and rehabilitation costs she may incur, all as a result of Defendant's deprivation of Jane Doe II's liberty interest in violation of the Due

Process Clause of the Fourteenth Amendment to the United States Constitution;

(iv) Damages in such amount as will fully compensate Jane Doe I for the lost income she has incurred and will incur and for the medical and rehabilitation costs she has incurred and will incur for the care of Jane Doe II as a result of Defendant's deprivation of Jane Doe II's liberty interest in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and

(c) All costs of this action including reasonable attorneys' fees and expert fees; and

(d) Such other relief as this Honorable Court may deem just and proper.

Date:  February 14, 2013

/s/ F. Bradford Wilson, Jr.
Georgia State Bar No. 767975
Adams, Hemingway & Wilson, LLP
Post Office Box 1956
Macon, Georgia 31202-1956
Telephone:  (478) 743-4601
Facsimile:  (478) 746-8215
Email:  brad.wilson@ahwllp.com

/s/Jerry A. Lumley
Georgia State Bar No. 460866
Post Office Box 27717
Macon, GA 31221
Telephone: (478) 471-1776
Facsimile: (478) 757-0675
Email: jerrylumley@att.net

/s/Harold S. Lewis, Jr.
Georgia State Bar No. 001980
130A Laurens Street NW
Aiken, SC 29801
Telephone: (828) 200-9026
Email: hslewisjr@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **First Amended Complaint** upon Defendant on February 14, 2013 by using the Court's electronic transmission facilities.

Date:  February 14, 2013.

/s/Jerry A. Lumley