IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANE DOE I, Individually and as Parent, Natural Guardian and Next Friend of JANE DOE II, a Minor,<br><br>    Plaintiff,<br><br>v.<br><br>BIBB COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | Civil Action No. 5:12-CV-468-MTT |

## JOINT MOTION TO AMEND SCHEDULING AND DISCOVERY ORDER

COMES NOW Plaintiff Jane Doe I, Individually and as Parent, Natural Guardian and Next Friend of Jane Doe II, a Minor, and Defendant Bibb County School District and jointly move the Court to amend the Scheduling and Discovery Order entered in this action on March 26, 2013 (Doc. 14).

1.

The Scheduling and Discovery Order entered in this action on March 26, 2013 (Doc. 14) contains the following deadlines:

(a) The time to conduct discovery expires on September 23, 2013;

(b) The time for Plaintiff to disclose the identity of any expert who may testify at trial expires on June 24, 2013;

(c) The time for Defendant to disclose the identity of any expert who may testify at trial expires on July 23, 2013;

(d) The time for filing motions seeking to amend the pleadings or to join parties or claims to the current action expires on September 23, 2013;

  (e)  The time for filing Dispositive Motions expires on October 23, 2013, and

  (f)  The time for filing *Daubert* Motions expires on October 23, 2013.

2.

On May 22, 2013, counsel for the parties received an automatic e-mail message generated by the Court's CM/ECF system indicating that the time to conduct discovery would expire on November 18, 2013 and time for filing Dispositive Motions would expire on December 23, 2013. A copy of that e-mail is attached to this Motion. Until just recently, lead counsel for Plaintiff and Defendant, not realizing that the May 22, 2013 e-mail may have been sent in error, relied upon the information contained in the e-mail in their discussions about scheduling matters in this case.

3.

On May 24, 2013, the Court entered a Consent Qualified Protective Order requiring the production of student records and other documents relating to the alleged perpetrators. (Doc. 16). The Order required the Defendant to make reasonable efforts to notify the guardians of the alleged perpetrators of the impending disclosure, as required by FERPA. Because of the notification requirements it was required to fulfill, the Defendant was not able to produce the records the Plaintiff had previously requested relating to the alleged perpetrators until June 25, 2013.

4.

Each party has served interrogatories and requests for document upon the other. Some information has been exchanged but neither party has completed their responses at this time. The parties anticipate that they will be able to complete the exchange of information before July 24, 2013.

5.

Each party needs the information it has requested from the other before it can make its expert disclosures.

6.

Numerous depositions will be required in this case and the parties anticipate that many of these depositions will be lengthy.  Given their other obligations in this case as well as their obligations in other cases, counsel for the parties do not believe that they will be able to complete all of these depositions before the time for completing discovery expires on September 23, 2013.

WHEREFORE, for each of the reasons set forth above, and in order to allow the parties to complete discovery in an orderly, efficient and just manner, the parties jointly request the Court to amend the Scheduling and Discovery Order so that the following deadlines will apply:

(a) The time to conduct discovery will expire on November 18, 2013;

(b) The time for Plaintiff to disclose the identity of any expert who may testify at trial will expire on July 31, 2013;

(c) The time for Defendant to disclose the identity of any expert who may testify at trial will expire on August 31, 2013;

(d) The time for filing motions seeking to amend the pleadings or to join parties or claims to the current action will expire on November 18, 2013;

(e) The time for filing Dispositive Motions will expire on December 23, 2013, and

(f) The time for filing *Daubert* Motions will expire on December 23, 2013.

Date:  July 7, 2013.

| | |
|---|---|
| /s/Jerry A. Lumley | /s/Malcolm C. McArthur |
| Attorney for Plaintiff | Attorney for Defendant |
| Georgia Bar No. 460866 | Georgia Bar No. 480750 |
| Jerry A. Lumley, LLC | Hall Booth Smith, P.C. |
| Post Office Box 27717 | 440 College Avenue North |
| Macon, GA 31221 | Suite 120 |
| T: (478) 471-1776 | Athens, GA 30601-2773 |
| F: (478) 757-0675 | T: (706) 316-0231 |
| E: jerrylumley@att.net | F: (706) 316-0111 |
| | E: mmcarthur@hallboothsmith.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that I served all parties in this action with the foregoing **Joint Motion to Amend Scheduling and Discovery Order** by using the Court's electronic transmission facilities.

Date: July 7, 2013.

/s/Jerry A. Lumley