IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANE DOE I, Individually and as Parent, Natural Guardian and Next Friend of JANE DOE II, a Minor,<br><br>    Plaintiffs,<br><br>v.<br><br>  BIBB COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | Civil Action No. 5:12-CV-468-MTT |

## CONSENT QUALIFIED PROTECTIVE ORDER

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

This matter is before the Court on the parties' Second Joint Motion for Qualified Protective Order.  Having considered the motion and all other matters of record,

THE COURT HEREBY FINDS that access by the parties, their attorneys, their attorneys' staff, and their expert witnesses to the records requested in the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") Plaintiff served upon Mike Carswell, the Chief of the Macon Police Department, on July 8, 2013, may be necessary for determination of the issues in this case.  Thus,

IT IS HEREBY ORDERED that Chief Carswell shall produce the records requested in the Subpoena for inspection and copying at the place designated in the Subpoena and at a date and time to be agreed upon by Chief Carswell, Plaintiff and Defendant but within five (5) business days following the entry of this Consent

Qualified Protective Order.  To protect the confidentiality of the records, the parties' use of and access to these records is subject to the following conditions:

1. use of these records will be limited to this case;

2. access to these records will be limited to the parties, their attorneys, their attorneys' staff, and their expert witnesses;

3. the persons listed in condition no. 2 will sign an agreement not to disclose such documents or information contained therein to other individuals not covered by condition no. 2;

4. these records will be photocopied only for use by the persons listed in condition no. 2 and at depositions, as exhibits for filings, or as exhibits at trial;

5. these records, if used as exhibits, will be filed under seal;

6. the Court will examine these records in camera before determining whether public disclosure or disclosure to any person other than those individuals identified in condition no. 2 is necessary for the resolution of any issue before the Court in this case; and

7. all of these records (and all permitted photocopies) will be returned to the Macon Police Department or, if after consolidation of the governments of Macon and Bibb County, Georgia, the entity that assumes the duties and responsibilities of the Macon Police Department; provided, however, Defendant shall be permitted to retain copies of all records created by or originating with employees or officials of the Bibb County School District.

8. The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public

disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal simply because they are covered by this discovery protective order.

**SO ORDERED**, this 2nd day of August, 2013.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

CONSENTED TO BY:

/s/Jerry A. Lumley  
Attorney for Plaintiffs

/s/Malcolm C. McArthur  
Attorney for Defendant