IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANE DOE I, Individually and as Next Friend of JANE DOE II, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>BIBB COUNTY SCHOOL DISTRICT,<br><br>Defendant. | CIVIL ACTION No.:<br>5:12-CV-468 |

<u>BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT</u>

I.    <u>Procedural Background to the Motion</u>

The accompanying affidavit of F. Bradford Wilson, Jr. sets out the prior proceedings pertinent to the motion. The proposed Second Amended Complaint, Exhibit B to the Wilson Affidavit, would add to the existing claims of Plaintiff Jane Doe I one element of relief in connection with each of her existing claims. (In paragraphs 33(a) and 33(b), the proposed Second Amended Complaint also alleges new or different particulars about alleged 2002 and 2008 background sexual assaults within schools of Defendant District to conform those allegations to recently produced discovery.)   The proposed amendment adds allegations that Jane Doe I, like her daughter Jane Doe II, suffered emotional distress and mental anguish as a direct result of Defendant's alleged violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) and Due Process Clause violations remediable under 42 U.S.C. Section 1983. No new parties or claims are sought to be added to this case.

In paragraphs 44, 48, and 52 of the First Amended Complaint, Exhibit A to the Wilson Affidavit, Plaintiffs sought a variety of damages for <u>Jane Doe II</u>, Jane Doe I's daughter, including "the physical, emotional, and mental injuries she has suffered and will suffer" as a result of Defendant's alleged violations of Title IX and Section 1983. First Amended Complaint, page 14, "<u>Prayer for Relief</u>," paras. (b)(i) and (b)(iii). Among these damages Plaintiffs specifically alleged that as a direct and proximate result of Defendant's alleged law violations, Jane Doe II suffered among other things "severe emotional distress" and "mental anguish." <u>Id</u>. at para. 44. In contrast, the First Amended Complaint, in the same paragraphs and prayer, sought recovery on behalf of <u>Jane Doe I</u>, the mother, only for her own lost income and for the reimbursement of the medical and rehabilitation treatment expenses occasioned by the alleged sexual assault of Jane Doe II.

1

The new allegations are that "Jane Doe I has also suffered emotional distress, mental anguish, and related psychological injuries as a direct and proximate result of the School District's wrongful conduct." (at the end of para. 44); "The School District is also liable to Jane Doe I for the emotional distress, mental anguish, and related psychological injuries she has suffered as a direct and proximate result of the School District's wrongful conduct." (at the end of paras. 48 and 52); and a new subparagraph (v) in the prayer for relief, to read: "(v)Damages in such amount as will fully compensate Jane Doe I for the emotional distress, mental anguish, and related psychological injuries she has suffered as a direct and proximate result of the School District's violations of Title IX and the Due Process Clause." Wilson Affidavit Exhibit B, a copy of Plaintiffs' proposed Second Amended Complaint,

Plaintiffs move this Court for leave to amend because Defendant declined to consent to the proposed amendment. Wilson Affidavit, para. 3.

Recent events prompt the proposed amendment. On August 19, 2013, Plaintiffs' identified expert Dr. Melanie Bliss interviewed each of the Plaintiffs separately at her offices in Decatur, Georgia. Mr. Wilson engaged a videographer to film those interviews, which are captured on a videodisk submitted as Exhibit C to his affidavit. That disk was then forwarded to Plaintiffs' identified expert Dr. Patti Van Eys in Nashville, Tennessee for her review as an additional data point to consider in formulating her opinions about issues important to this case. Wilson Affidavit, para. 6.

Then, on or about September 20, 2013, Plaintiffs timely served on Defendant the expert's report of Dr. Melanie Bliss required by F.R.C.P. 26(a)(2)(B), dated September 19, 2013, attached to the Wilson Affidavit as Exhibit D. Pages 24 through 29 of that report, labeled as "EXHIBIT B" thereto, reflect Dr. Bliss' interview with Jane Doe I; her evaluation of Jane Doe I including Jane Doe I's responses to two self-administered questionnaires; and Dr. Bliss' conclusions and treatment recommendations for Jane Doe I. (EXHIBIT B is mislabeled in Dr. Bliss' report and is intended to refer to her interview with Jane Doe I, Jane Doe II's mother.) Wilson Affidavit, para. 7.

The expert's report of Dr. Patti Van Eys required by F.R.C.P. 26(a)(2)(B), Wilson Affidavit Exhibit E, was also then timely served (at 2:53 P.M. on September 27, shortly before the 3:00 P.M. deadline defense counsel had agreed to earlier that afternoon)  At Exhibit E section "b.", pages 10-11, and at p. 18 of Dr. Van Eys' report, Dr. Van Eys summarizes her opinions as to the harms sustained by Jane Doe I, Jane Doe II's mother. Wilson Affidavit, para. 8.

Plaintiffs rely on the August 2013 Bliss interview of Jane Doe I (Exhibit C, Wilson Affidavit and the parts of the September 2013 reports of Drs. Bliss and Van Eys (Exhibits D and E thereto) respecting Jane Doe I's injuries and recommended treatment  in support of their allegations of Jane Doe I's emotional distress and mental anguish that they seek leave to include in the proposed Second Amended Complaint.

2

II. Argument

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). In this Circuit Rule 15(a)(2) means that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999)(citing *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991)).

More recently, it is true, the Eleventh Circuit has on occasion upheld a district court's discretion to deny leave to amend when under the applicable law and facts amendment would be "futile." Maynard v. Board of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003). And more recently still, it is clear that a complaint today could fail to state a claim upon which relief might be granted that would have passed muster previously. As the Supreme Court held in *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), a plaintiff's complaint must be "plausible" in the sense that it must plead facts that support a reasonable inference that there has been some wrongdoing.

In this case, however, Defendant apparently does not contend that the claims of either Plaintiff, if proved, fail to warrant relief under the law. Rather, Defendant argues that Plaintiffs should have pleaded emotional distress damages on behalf of Jane Doe I even before they received the reports of their experts that support such an allegation.

Defendant's Brief In Support of its October 2, 2013 Motion To Exclude Expert Testimony, for example, recognizes at page 17 that Dr. Van Eys' report "devotes considerable analysis to the emotional and psychological injuries suffered by Jane Doe I." Noting that "Plaintiffs have compensated Dr. Van Eys and other experts to provide in-depth analysis and offer expert opinions regarding the extent of Jane Doe I's emotional damages," Defendant continues:

> "This suggests quite strongly that Plaintiffs are considering amending their Complaint a second time to include some form of claim for Jane Doe I's emotional damages."

Defendant concludes from the fact that Plaintiffs conducted this expert investigation before alleging emotional distress damages on behalf of Jane Doe I that the Court should "bar such amended pleadings, as well as any evidence in support of such damages." Id. To the contrary, Plaintiffs' previous restraint in alleging emotional distress damages on behalf of a plaintiff who was not present at the time of her daughter's assault and who suffered no physical injuries herself is exactly what the Supreme Court's tightened pleading regime under Ashcroft is designed to encourage. Only when two expert evaluations and opinions of Jane Doe I corroborated that harm in August and September of this year were the proposed new allegations well supported under the new pleading standard of factual plausibility.

In any event, Defendant's argument demonstrates that it clearly realized, simply from receiving

3

the videodisk of the Bliss interviews and the reports of Plaintiffs' experts, that the evidence of Jane Doe I's emotional harms was likely to prompt this proposed amendment. That realization, acknowledged on October 2, 2013, four months before what is now the ordered date for the close of discovery, suffices to show that Defendant will suffer no unfair surprise if the amendment is allowed. Put otherwise, in the language of F.R.C.P. 15(a)(2), this is a case where leave to amend should be granted freely because "justice so requires."

Respectfully submitted,

/s/ F. Bradford Wilson, Jr.
GA State Bar No: 767975
Adams, Hemingway & Wilson, LLP
P.O. Box 1956
Macon, GA 31202-1956
Telephone: (478) 743-4601 Ext. 2

/s/ Jarome E. Gautreaux
GA State Bar No: 297336
Gautreaux & Adams, LLC
502 Mulberry Street
Macon, GA 31201
Telephone: (478) 254-4759

/s/ Harold S. Lewis, Jr.
GA State Bar No: 001980
130A Laurens Street, NW
Aiken, SC 29801
Telephone (828) 200-9026

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2013, I have filed a true and correct copy of the foregoing Brief in Support of Plaintiffs' Motion for Leave to Amend First Amended Complaint electronically with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Malcolm C. McArthur
440 College Avenue North
Suite 120
Athens, GA  30601-2773

Kevin D. Abernethy
191 Peachtree Street, NE
Suite 2900
Atlanta, GA  30303-1775

Andrea L. Jolliffe
440 College Avenue North
Suite 120
Athens, GA  30601-2773

Russell Britt
191 Peachtree Street, NE
Suite 2900
Atlanta, GA  30303-1775

/s/ F. Bradford Wilson, Jr.
Georgia State Bar No. 767975
Adams, Hemingway & Wilson, LLP
Post Office Box 1956
Macon, Georgia 31202-1956
Telephone:  (478) 743-4601
Facsimile:  (478) 746-8215
Email:  brad.wilson@ahwllp.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANE DOE I, Individually and as Next Friend of JANE DOE II, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>BIBB COUNTY SCHOOL DISTRICT,<br><br>Defendant. | CIVIL ACTION No.:<br>5:12-CV-468 |

AFFIDAVIT OF F. BRADFORD WILSON, JR.

Comes Now, F. Bradford Wilson, Jr., after being duly sworn, deposes and says:

1. I am co-counsel for Plaintiffs, Jane Doe II and her mother, Jane Doe I. I submit this affidavit in support of Plaintiffs' Motion, pursuant to F.R.C.P. 15(a)(2), for leave to serve a Second Amended Complaint. Except as otherwise stated, I affirm the matters stated here upon my own personal knowledge, information and belief.

2. As the original counsel for Plaintiffs in this matter, I participated in the drafting of the Complaint and First Amended Complaint herein. Attached as <u>Exhibit A</u> hereto is a true and correct copy of the First Amended Complaint, amended as a matter of course under F.R.C.P. 15(a)(1)(B) on February 14, 2013.

3. Attached as <u>Exhibit B</u> hereto is a copy of Plaintiffs' proposed Second Amended Complaint, for which this motion seeks the Court's leave. I am informed by my co-counsel, Harold S. Lewis, Jr., and believe that this motion is necessary because when Mr. Lewis requested Defendant's consent to the limited amendment proposed by this motion in a recent telephone conference with four lawyers representing Defendant, that consent was denied.

4. Exhibit B, the proposed Second Amended Complaint, adds to Exhibit A allegations that Jane Doe I, like her daughter, suffered severe emotional distress and mental anguish as a direct result of Defendant's alleged violations of Title IX and Section 1983. (In paragraphs 33(a) and 33(b), the proposed Second Amended Complaint also alleges new or different particulars about alleged 2002 and 2008 background sexual assaults within schools of Defendant District to conform those allegations to recently produced discovery.)   Thus in paragraphs 44, 48, and 52 of Exhibit A, the First Amended Complaint, Plaintiffs sought a variety of damages for <u>Jane Doe II</u>, the daughter, including "for the physical, emotional, and mental injuries she has suffered and will suffer" as a result of Defendant's alleged violations of Title IX and Section 1983.   First

Amended Complaint, page 14, "Prayer for Relief," paras. (b)(i)and (b)(iii). Plaintiffs specifically alleged that as a direct and proximate result of Defendant's alleged law violations, Jane Doe II suffered among other things "severe emotional distress" and "mental anguish." Id. at para. 44. In contrast, the First Amended Complaint, in the same paragraphs and prayer, sought recovery on behalf of Jane Doe I, the mother, only for her own lost income and for the reimbursement of the medical and rehabilitation treatment expenses occasioned by the alleged sexual assault of Jane Doe II.

5. On August 19, 2013, Plaintiffs' identified expert Dr. Melanie Bliss interviewed each of the Plaintiffs separately at her offices in Decatur, Georgia. I engaged a videographer to film those interviews; the interview of Jane Doe I is captured on a videodisk submitted hereto as Exhibit C.

6. I was informed by former co-counsel Jerry Lumley and believe that Exhibit C was forwarded to Plaintiffs' identified expert Dr. Patti Van Eys in Nashville, Tennessee for her review as an additional data point to consider in formulating her opinions about issues important to this case.

7. The timely served expert's report of Dr. Melanie Bliss required by F.R.C.P. 26(a)(2)(B), dated September 19, 2013, is attached hereto as Exhibit D. Pages 24 through 29 of that report, labeled as "EXHIBIT B" thereto, reflect Dr. Bliss' interview with Jane Doe I, her evaluation of Jane Doe I including Jane Doe I's responses to two self-administered questionnaires, and Dr. Bliss' conclusions and treatment recommendations for Jane Doe I. Although Exhibit B is labeled as "PSYCHOLOGICAL INTERVIEW WITH JANE DOE II," Dr. Bliss testified at her deposition taken October 2, 2013 that EXHIBIT B is mislabeled and should refer to her interview with Jane Doe I, Jane Doe II's mother.

8. The expert's report of Dr. Patti Van Eys required by F.R.C.P. 26(a)(2)(B)–also timely served, at 2:53 P.M. on September 27, shortly before the 3:00 P.M. deadline defense counsel had agreed to earlier that afternoon–is attached hereto as Exhibit E. At "b.", pages 10-11, and at p. 18 of this report, Dr. Van Eys summarizes her opinions as to the harms sustained by Jane Doe I, Jane Doe II's mother.

9. Plaintiffs rely on the Bliss interview of Jane Doe I (Exhibit C hereto) and the parts of the reports of Drs. Bliss and Van Eys (Exhibits D and E hereto) respecting Jane Doe I in support of the allegations of Jane Doe I's emotional distress and mental anguish that they seek leave to include in the proposed Second Amended Complaint.

F. Bradford Wilson, Jr.

Sworn to and subscribed before me,
this 4th day of November, 2013.

Notary Public, State of Georgia
My commission expires: 11-6-15

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of November, 2013, I have filed a true and correct copy of the foregoing Affidavit of F. Bradford Wilson, Jr., electronically with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Malcolm C. McArthur<br>440 College Avenue North<br>Suite 120<br>Athens, GA   30601-2773 | Kevin D. Abernethy<br>191 Peachtree Street, NE<br>Suite 2900<br>Atlanta, GA   30303-1775 |
| Andrea L. Jolliffe<br>440 College Avenue North<br>Suite 120<br>Athens, GA   30601-2773 | Russell Britt<br>191 Peachtree Street, NE<br>Suite 2900<br>Atlanta, GA   30303-1775 |

      /s/ F. Bradford Wilson, Jr.
Georgia State Bar No. 767975
Adams, Hemingway & Wilson, LLP
Post Office Box 1956
Macon, Georgia 31202-1956
 Telephone:  (478) 743-4601
Facsimile:  (478) 746-8215
Email:  brad.wilson@ahwllp.com