**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| JANE DOE I, Individually and as Parent, Natural Guardian and Next Friend of JANE DOE II, a Minor,<br><br>    Plaintiff,<br>v.<br><br>BIBB COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 5:12-CV-468-MTT |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW, **BIBB COUNTY SCHOOL DISTRICT**, Defendant in the above-styled action and, by and through counsel, files this its Brief in Support of its Motion to Dismiss and shows this Court as follows:

### I.   STATEMENT OF FACTS

This action arises out of the alleged rape of Jane Doe II by students at Northeast High School on January 19, 2012. (Doc. 11: 5, ¶ 24.) Plaintiffs allege that the School District failed to provide Jane Doe II's classroom teacher "any or minimally adequate training or guidance with respect to student safety" and, as a direct and proximate result of such failure to train, the classroom teacher allowed Jane Doe II to leave class with a male student. (Doc. 11: 4, ¶¶ 19, 22.) According

to Plaintiffs, the male student led Jane Doe II to a boy's restroom and forced her inside where she was allegedly raped and sodomized. (Doc 11: 5, ¶ 23.)

Plaintiffs allege that, following prior incidents of sexual harassment alleged to have occurred in 2002 and 2008, the School District "took no action or no meaningful or likely effective action … to end sexual harassment of female students, including special education students, at Northeast High School." (Doc. 11: 8, ¶ 34.) Plaintiffs further allege that the School District had a policy, practice and/or custom of failing and at times refusing to appropriately discipline students. (Doc. 11: 9, ¶ 38.) Plaintiffs also allege that Jane Doe II's various injuries are "a direct and proximate result of the School District's wrongful conduct, including its deliberately indifferent failures to train teachers and discipline students." (Doc. 11: 10, ¶ 16.)

In Count II, brought under 42 U.S.C. § 1983, Plaintiffs allege that the School District failed to take minimal precautions to safeguard the bodily integrity of Jane Doe II and "elevated the preexisting level of danger from sexual predators to which Jane Doe II … was exposed," despite the "special relationship between a public school district and its special education students under federal and state law and the terms of those students' individual education programs." (Doc. 11: 12; ¶ 51.) However, for the reasons set forth below, Plaintiffs fail to state a claim upon which

relief can be granted as to Count II of its First Amended Complaint or Plaintiffs' proposed Second Amended Complaint.[1]

## II.     STANDARD FOR MOTION TO DISMISS

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff.  Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012).  The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  It is well-established

---

[1] There is no difference between the First Amended Complaint and the proposed Second Amendment Complaint in terms of the factual and legal basis for recovery under Plaintiffs' Section 1983 claims.  Accordingly, Defendant has elected not to delay filing its Motion to Dismiss until this Court has ruled on Plaintiffs' Motion for Leave to Amend the First Amended Complaint.  In fact, the arguments put forth in this Motion to Dismiss provide partial support for Defendant's position that Plaintiffs proposed amendments are futile — a position that will be outlined more fully in Defendants' Brief in Opposition to Plaintiffs' Motion for Leave to Amend.

that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556).

### III.     ARGUMENT AND CITATION TO AUTHORITY

Under the Due Process Clause of the Fourteenth Amendment, no state can deprive "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, ¶ 1. However, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by *private actors*." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S 189, 195 (1989) (emphasis added). Rather, "the Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimum levels of safety and security." Id.

Only "in certain limited circumstances [does] the Constitution impose[ ] upon the State affirmative duties of case and protection with respect to particular individuals." Id. at 198. Here, Plaintiffs have failed to identify facts from which the existence of such limited circumstances could be inferred and, consequently, have failed to state a claim for relief under Section 1983.

In support of their Section 1983 claim, Plaintiffs allege: (1) the School District "elevated the preexisting level of danger from sexual predators to which Jane Doe II and other female students … were exposed;" and (2) the District "created this danger despite the special relationship between a public school district

4

and its special education students." (Doc. 11: 12, ¶ 51.)  According to Plaintiffs, Defendant "elevated the preexisting level of danger" and "created this danger [from sexual predators]" by "failing to provide any or minimally adequate training or guidance to the teachers at Northeast High School with respect to student safety." (Doc. 11: 4-5, ¶¶ 17, 19-20, 22.)  Drawing all reasonable inferences in favor of Plaintiffs, such facts fail to establish that the School District either deprived Plaintiffs of their constitutional rights or owed them any duty of protection.

**A.   Defendant Owed No Duty to Protect Jane Doe II from Third-Party Assaults.**

As discussed above, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause" in the absence of a special relationship.  DeShaney, 489 U.S. at 197, 198-200  (holding that an affirmative duty exists only where the State acts to restrain an individual's personal liberty and ability to self-protect, such where the individual is incarcerated or institutionalized); White v. Lemacks, 183 F.3d 1253, 1257 (11th Cir.1999); Forrester v. Stanley, 394 F. App'x 673, 675 (11th Cir. 2010).  Although Plaintiffs assert that there is a "special relationship between a public school district and its special education students," their assertion is incorrect as a matter of law. (Doc. 11: 12, ¶ 51.)

The Eleventh Circuit has consistently held that compulsory school attendance laws do not restrain personal liberty in a way that places an affirmative

duty on schools to provide for students' "safety and general well-being."  See Wyke v. Polk Cnty Sch. Bd., 129 F.3d 560, 569 (11th Cir. 1997); Nix v. Franklin Cnty Sch. Dist., 311 F.3d 1373, 1378 (11th Cir. 2002).  A student's eligibility for special education services does not alter the analysis.  See Worthington v. Elmore Cnty. Bd. of Educ., 160 F. Appx. 877, 881 (11th Cir. 2005).[2]

In fact, eligibility for special education creates an even greater parental entitlement to exercise decision-making in connection the educational placement of a child with a disability — a level of participation and involvement not afforded to parents of non-disabled students and certainly not to those in any type of custodial relationship.  See 34 C.F.R. §§ 300.300, 300.321 (a)(1), 300.322, 300.327.

To the extent any "special" obligations are owed to a special education student, those obligations are set forth in the student's individualized education program ("IEP").  34 C.F.R. §§ 300.320 - 323.  To enforce those obligations, parents of special education students are also afforded extensive procedural safeguards, which provide multiple avenues for challenging the failure to satisfy obligations in the IEP.  See 34 C.F.R. § 300.500 - 520.  The level of parental participation afforded to parents of a student with an IEP is much greater than that afforded to parents of non-disabled students and bears no resemblance to a

---

[2] See also Smith v. Sch. Bd. of Brevard County, 2013 U.S. Dist. LEXIS 99793, *7, n. 4 (M.D. Fla. 2013) ("special needs children who are dependent on a school board for safety are not in a custodial or special relationship with the school board.); L.L. v. Tuscaloosa City Bd. of Educ., 2013 U.S. Dist. LEXIS 5591, *23 (N.D. Ala. 2013) (no constitutional duty of protection owed to physically and intellectually disabled student sexually assaulted by a classmate).

custodial relationship where decision-making and individual freedom have been curtailed or restrained by the State.

Because Jane Doe II's status as a special education public school student fails to establish a special relationship between Jane Doe II and Defendant, Plaintiffs have failed to plead sufficient facts from which this Court find that Defendant owed Plaintiff any affirmative duty to protect her from third-party actors.

**B.     Plaintiffs Fail to Allege Conscious Shocking Behavior Sufficient to State a Claim Against the School District.**

Plaintiffs also appear to plead some sort of state-created or enhanced danger as a basis for their Due Process Clause claim.  However, the Eleventh Circuit declared the "special danger" doctrine established in Cornelius v. Town of Highland Lake, 880 F.2d 348 (11th Cir. 1989) to be "dead and buried" after the Supreme Court's decision in Collins v. City of Harker Heights, 503 U.S. 115, 127 (1992).  See White v. Lemacks, 183 F.3d 1253, 1259 (11th Cir. 1999).  In the absence of a custodial relationship, Plaintiffs must allege facts sufficient to support an inference that a government actor engaged in behavior that shocks the conscience in a constitutional sense.  In this action, Plaintiffs allege no such set of facts.

According to Plaintiffs, Defendant had a policy, practice or custom of failing to provide "any or minimally adequate training or guidance to teachers at Northeast

7

High School with respect to student safety" and, as a direct and proximate cause of such failure to train, violated Plaintiffs' due process rights. (Doc. 11: 4-5, ¶¶ 17, 19-20, 22.)  As a matter of law, such allegations are insufficient to state a claim upon which relief may be granted under Section 1983.

Where non-custodial relationships and private violence are involved, as here, "state and local government officials violate substantive due process rights of individuals . . . only when those officials cause harm by engaging in conduct that is arbitrary, or conscience shocking, in a constitutional sense." White, 183 F.3d at 1259 (internal quotations omitted); Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1305 (11th Cir. 2003).  "Arbitrary or conscience-shocking conduct creates an exception to DeShaney's general rule where non-custodial relationships are at issue." See Moore v. Chilton Cnty Bd. of Educ., 936 F. Supp. 2d 1300, *21 (N.D. Ala. 2013).

The standard is narrowly interpreted and applied.  White, 183 F.3d at 1259; Waddell, 329 F.3d at 1305.  "To rise to the conscience-shocking level, conduct most likely must be 'intended to injure in some way unjustifiable by any government interest[.]'"  Davis v. Carter, 555 F.3d 979, 982 (11th Cir. 2009) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)).  "[O]nly the most egregious official conduct can be said to be 'arbitrary' in the constitutional sense." Lewis, 523 U.S. at 846 (quoting Collins, 503 U.S. at 129).  Allegations of

8

a failure to act demonstrate, at most, an allegation of deliberate indifference, which fail to meet the high threshold for conscience-shocking behavior. See Davis, 555 F.3d at 983; Moore, 936 F. Supp. at *21, 25-26. Only in the limited context of due process claims based on excessive corporal punishment has the Eleventh Circuit held that intentional conduct of an educator may shock the conscience. Nix v. Franklin Cnty. School Dist., 311 F.3d 1373, 1378 (11th Cir. 2002); see also Dacosta v. Nwachukwa, 304 F.3d 1045 (11th Cir. 2002) (finding no substantive due process violation where instructor intentionally slammed door on student, causing her arm to shatter glass window, knocked student back by swinging door violently, and shoved student's face through cracked pane).

Here, Plaintiffs have failed to plead facts sufficient to support an inference that the School District engaged of conscience-shocking behavior. Plaintiffs have predicated their Section 1983 claims on Defendants failure to train its employees. In this light most favorable to Plaintiffs, such facts support an inference of deliberate indifference. As a matter of law, conscience shocking behavior cannot be inferred from acts of deliberate indifference. See Davis, 555 F. 3d at 983.

Moreover, before addressing whether a school district may be held liable based on its failure to train employees, courts must first determine whether any school district employees failed to discharge some constitutional duty owed directly to the plaintiff. See Wyke v. Polk Cnty Sch. Bd., 129 F.3d 560, 569 (11th

Cir. 1997). As the Eleventh Circuit held in Wyke, a plaintiff "[can]not escape the import of DeShaney by relying on Canton's failure to train theory." Wyke, 129 F.3d at 568. (citing Canton v. Harris, 489 U.S. 378 (1989)). In other words, before a court can address a school district's liability for a failure to train its employees under an established policy, practice or custom theory of liability, it must determine whether there was an underlying constitutional violation committed by any of its employees. Id. at 568-69. Absent any constitutional violation, the court need not explore whether the allegations pertaining to the School District's training policies or customs concerning sexual harassment. Long v. Murray Cnty. Sch. Dist., 2012 U.S. Dist. 86155, *79, n. 52 (N.D. Ga. 2012) aff'd., 522 F. App'x 576 (11th Cir. 2013).

Plaintiffs allegations regarding the School District's failure to train cannot form the basis for the underlying constitutional violation, as they do not support an inference of conduct "intended to injure in some way unjustifiable by any government interest." See Id. at *78. At most, such allegations establish negligence or deliberate indifference neither of which meet the conscience-shocking threshold. Because Plaintiffs have failed to plead facts sufficient to give rise to an inference of official conduct that is arbitrary or conscience-shocking in the constitutional sense, the School District is entitled to dismissal under Section 1983.

## IV.	CONCLUSION

Because (1) no custodial or special relationship exists and (2) Plaintiffs fail to plead sufficient facts to establish arbitrary or conscience-shocking conduct undertaken by the School District, Plaintiffs fail to state a claim upon which relief can be granted in Count II of their First (and proposed Second) Amended Complaint.  Therefore, Defendant respectfully requests its Motion to Dismiss be granted, and Plaintiffs' Section 1893 claim for recovery under the Due Process Clause dismissed.

Respectfully submitted this 8th day of November, 2013.

**HALL BOOTH SMITH, PC**

*/s/ Andrea L. Jolliffe*
ANDREA L. JOLLIFFE
Georgia Bar No. 176556

Athens:
440 College Avenue North
Suite 120
Athens, GA  30601-2773
Tel:  706-316-0231
E-Mail:  andrea@hallboothsmith.com

                                            */s/ Kevin D. Abernethy*
                                            KEVIN D. ABERNETHY
                                            Georgia Bar No. 142310

                                            */s/ Russell Britt*
                                            RUSSELL BRITT
                                            Georgia Bar No. 473664

<u>Atlanta</u>:
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
E-Mail:  kabernethy@hallboothsmith.com
E-Mail:  rbritt@hallboothsmith.com

                                            *Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JANE DOE I, Individually and as Parent, Natural Guardian and Next Friend of JANE DOE II, a Minor,<br><br>     Plaintiffs,<br><br>v.<br><br>BIBB COUNTY SCHOOL DISTRICT,<br><br>     Defendant. | CIVIL ACTION FILE<br>NO. 5:12-CV-468-MTT |

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2013, I electronically filed the foregoing **Defendant's Brief in Support of Its Motion to Dismiss** with the Clerk of the Court using the CM\ECF system which will send e-mail notification of such filing to the following:

F. Bradford Wilson, Jr., Esq.
Adams, Hemingway & Wilson, LLP
P. O. Box 1956
Macon, GA 31202-1956

Harold S. Lewis, Esq.
130 A Laurens Street, NW
Aiken, SC 29801

Jarome E. Gautreaux, Esq.
Gautreaux & Adams, LLC
502 Mulberry Street
Macon, GA 31201

Respectfully submitted this 8th day of November, 2013.

**HALL BOOTH SMITH, PC**

/s/ *Andrea L. Jolliffe*
ANDREA L. JOLLIFFE
Georgia Bar No. 176556

Athens:
440 College Avenue North
Suite 120
Athens, GA  30601-2773
Tel:  706-316-0231
E-Mail:  andrea@hallboothsmith.com

/s/ *Kevin D. Abernethy*
KEVIN D. ABERNETHY
Georgia Bar No. 142310

/s/ *Russell Britt*
RUSSELL BRITT
Georgia Bar No. 473664

Atlanta:
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
E-Mail:  kabernethy@hallboothsmith.com
E-Mail:  rbritt@hallboothsmith.com

*Attorneys for Defendant*