IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANE DOE I, Individually and as Parent, Natural Guardian and Next Friend of JANE DOE II, a Minor,<br><br>    Plaintiff,<br>v.<br><br>BIBB COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 5:12-CV-468-MTT |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**

COMES NOW, **BIBB COUNTY SCHOOL DISTRICT**, Defendant in the above-styled action and, by and through counsel, files this its Brief in Opposition to Plaintiffs' Motion for Leave to Amend First Amended Complaint and shows this Court as follows:

**I.    INTRODUCTION**

Plaintiffs seek to amend their Complaint a second time to recover for the alleged "emotional distress, mental anguish, and related psychological injuries" of Jane Doe I (the mother). (Doc. 37-2, ¶¶ 44, 52.)  Defendant is not insensitive to the strong emotional connection between parent and a child, even an adult child. However, the proposed amendment fails to establish that Jane Doe I has standing

1

to bring such claims under either Title IX of the Education Amendments Act ("Title IX"), 20 U.S.C. § 1681 (a), or 42 U.S.C. § 1983 ("Section 1983"). In the absence of such standing, Plaintiffs' Proposed Second Amendment does nothing more than attempt to advance claims that, if allowed by amendment, would be ripe for dismissal. See Fed. R. Civ. P. 12 (b)(1).

## II. STATEMENT OF FACTS

On November 26, 2012, Jane Doe I filed the above-captioned Complaint against Defendant in an individual and representative capacity of her daughter, Jane Doe II, then a minor (Doc. 1). Under both Title IX and Section 1983, Plaintiffs allege that Jane Doe II is entitled to damages for lost educational opportunities, physical and emotional damages and medical expenses. (Doc. 1, ¶¶ 48, 52.) Plaintiffs' First Amended Complaint was filed on February 14, 2013. (Doc. 11.) It did not advance any new causes of action; rather, it added new claim to each existing count, alleging that Jane Doe I (the mother) was entitled to individual recovery of lost income, as well as medical expenses incurred on behalf of her daughter (Jane Doe II). (Doc. 11, ¶¶ 48, 52, 53.)

Plaintiffs' Proposed Second Amended Complaint seeks to include new claims brought in Jane Doe I's individual capacity based on allegations that she has "suffered emotional distress, mental anguish, and related psychological injuries as a direct and proximate result of the School District's wrongful conduct." (Doc. 37-

3, ¶44.)  The Proposed Second Amended Complaint does not allege that Jane Doe I (the mother) was personally excluded from, denied the benefits of, or subject to discrimination under an educational program or activity with the meaning of Title IX or that Defendant's acts or omissions caused the deprivation any of her rights under the Constitution or other federal laws.  (Doc. 37-3, ¶ 46-52.)

### III.   LEGAL STANDARD

Under Rule 15 (a) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15 (a)(2).  "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." Hall v. United Ins. Co. of Am., 367 F. 3d. 1255, 1262 (M.D. Ga. 2004)(internal quotation and citation omitted).  However, a district court may properly deny leave to amend the complaint under Rule 15 (a) when such amendment would be futile. Id. The Eleventh Circuit "has found that "denial of leave to amend is justified by futility when the complaint as amended is subject to dismissal."  Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (internal quotations and citation omitted).

### IV.   ARGUMENT AND CITATION OF AUTHORITY

Plaintiffs' Proposed Amended Complaint seeks to assert claims that, if allowed, would be subject to dismissal because Plaintiffs have failed to identify

3

any direct violation of rights personal to Jane Doe I.  In the absence of such allegations, Jane Doe I lacks standing to advance a claim under Title IX or Section 1983 to recover for her own indirect emotional damages.  Consequently, this Court would lack subject matter jurisdiction over such ancillary claims, which renders the proposed amendment an exercise in futility.

### A.   Jane Doe I Lacks Standing Under Title IX

Title IX prohibits sex discrimination by recipients of federal education funding, such as public high schools. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005).  The statute provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . ." 20 U.S.C. § 1681(a).  Absent any claim that Jane Doe I was personally excluded from participation, denied the benefits of, or subject to discrimination under any education program or activity, she lacks standing under Title IX to recover for her alleged injuries.  See Rowinsky v. Bryan Indep. Sch. Dist., 80 F.3d 1006, 1009 n.4 (5th Cir. 1996), overruled on other grounds by Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 637 (1999).[1]

---

[1] See generally also Seiwert v. Spencer-Owen Cmty. Sch. Corp., 497 F. Supp. 2d 942, 954 (S.D. Ind. 2007); Morgan v. City of New York, 166 F. Supp. 2d 817, 819 (S.D. N.Y. 2001); Haines v. Metro. Gov't of Davidson County, Tenn., 32 F. Supp. 2d  991, 1000 (W.D. Tenn. 1998); Doe v. Oyster River Coop. Sch. Dist., 992 F. Supp. 467, 481 (D. N.H. 1997); Burrow By and Through Burrow v. Postville Cmty. Sch. Dist., 929 F. Supp. 1193, 1199 (N.D. Iowa 1996) (Since parent-plaintiffs "were [neither] students…nor…personally excluded from, denied the

Plaintiffs do not allege that Jane Doe I was denied the benefits of participation or excluded from Defendant's programs or activities or otherwise discriminated against on the basis of her sex. (Doc. 37-3, ¶ 47.) Accordingly, Plaintiffs' Proposed Second Amended Complaint fails to allege facts sufficient to establish Jane Doe I's standing to recover for her own emotional damages under Title IX and, consequently, seeks only to advance claims over which this Court would lack subject matter jurisdiction.

### B.   Jane Doe I Lacks Standing Under Section 1983

Similarly, Plaintiffs' Section 1983 claim is predicated upon the alleged violation of Jane Doe II's due process rights.  Although Jane Doe I contends that Defendant's conduct was the direct and proximate cause of her "emotional distress, mental anguish, and related psychological injuries[,]" Plaintiffs have failed to identify any act or omission on the part of Defendant that resulted in a violation of Jane Doe I's constitutional rights.  (Doc. 37-3, ¶¶ 48, 49-52.)

A plaintiff cannot state an actionable Section 1983 claim by alleging a violation of someone else's rights.  Chandler v. Sec. of Fla. Dept. of Transp., 695 F. 3d 1194, 1201 n. 5 (11th Cir. 2012).   To state an actionable Section 1983 claim a plaintiff must allege facts demonstrating that she, personally, has suffered a constitutional injury.  Maddox v. Cope, 2013 U.S. Dist. LEXIS 115635, *12 (M.D.

---

benefits of or subjected to discrimination under an educational program within the meaning of Title IX . . . the court finds that the[ir] individual Title IX claims…lack merit").

Ala. 2013).  Plaintiffs' Proposed Second Amended Complaint includes no such allegations.

The fundamental guarantees of due process simply do not extend to compensate relatives who suffer an indirect loss as a result of the deprivation of a family member's constitutional rights. Harpole v. Arkansas Dept. of Human Servs., 820 F.2d 923, 928 (8th Cir. 1987). Even a loss of consortium claim is still a separate and distinct claim of a spouse despite the fact that it is derivative of the other spouse's primary claim. See Pattee v. Ga. Ports Auth., 477 F. Supp. 2d 1272, 127 (S.D. Ga. 2007) (distinguishing between claims brought *under* Section 1983 and claims brought *alongside* a Section 1983 claim).

The Proposed Amended Complaint is predicated on nothing more than an alleged causal connection between Jane Doe I's emotional injuries and the constitutional deprivation allegedly suffered by her daughter.  The most favorable factual inference that can be drawn from Plaintiffs' proffered amendment is that Defendant was negligent in causing Jane Doe I's emotional damages.  Even such a generous reading is insufficient as a matter of law.

"[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). "Mere causation is not enough to satisfy Daniels." Robertson v. Hecksel, 420 F.3d 1254 1260, n. 5 (11th Cir. 2005).

Where a plaintiff fails to plead or prove any deprivation of her own civil rights, "it is elementary that he has no standing to sue for the deprivation of the civil rights of others." <u>Brown v. Bd. of Trustees of LaGrande Indep. Sch. Dist.</u>, 187 F.2d 20, 25 (5th Cir. 1951).  Because Jane Doe I has failed to plead any deprivation of a cognizable constitutional right, she lacks standing to bring her emotional damages claim under Section 1983. Because Jane Doe I has no standing to assert such a claim, there is no case or controversy under Article III and, as a result, this Court would lack subject matter jurisdiction over the newly proposed claim. Accordingly, Plaintiffs' Motion for Leave should be denied as futile.

## V.   CONCLUSION

Plaintiffs' Proposed Second Amended Complaint seeks to advance separate claims to recover for Jane Doe I's alleged emotional damages.  However, Plaintiffs have failed to identify any act or omission on the part of Defendant that resulted in a violation of Jane Doe I's rights under the Constitution or any federal laws, including Title IX.   Plaintiffs' Motion for Leave should be denied as futile given Jane Doe I's lack of standing to bring such claims.

WHEREFORE, Defendant requests that this Court deny Plaintiffs' Motion for Leave to Amend First Amended Complaint.

Respectfully submitted this 12th day of November, 2013

**HALL BOOTH SMITH, P.C.**

*/s/ Andrea L. Jolliffe*
ANDREA L. JOLLIFFE
Georgia Bar No. 176556

Athens:
440 College Avenue North, Ste. 120
Athens, GA 30601-2773
Tel: 706-316-0231
E-Mail: andrea@hallboothsmith.com

*/s/ Kevin D. Abernethy*
KEVIN D. ABERNETHY
Georgia Bar No. 142310

*/s/ Russell Britt*
RUSSELL BRITT
Georgia Bar No. 473664

Atlanta:
191 Peachtree Street NE, Ste. 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
E-Mail: kabernethy@hallboothsmith.com
E-Mail: rbritt@hallboothsmith.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JANE DOE I, Individually and as Parent, Natural Guardian and Next Friend of JANE DOE II, a Minor,<br><br>      Plaintiffs,<br>v.<br><br>BIBB COUNTY SCHOOL DISTRICT,<br><br>      Defendant. | CIVIL ACTION FILE<br>NO. 5:12-CV-468-MTT |

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2013, I electronically filed the foregoing **DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM\ECF system which will send e-mail notification of such filing to the following:

| | |
|---|---|
| F. Bradford Wilson, Jr.<br>Adams, Hemingway & Wilson, LLP<br>Post Office Box 1956<br>Macon, GA 31202-1956 | Harold S. Lewis<br>130 A Laurens Street, NW<br>Aiken, SC 29801 |

Jarome E. Gautreaux, Esq.
Gautreaux & Adams, LLC
502 Mulberry Street
Macon, GA 31201

                                   **HALL BOOTH SMITH, P.C.**

                                   */s/ Andrea L. Jolliffe*
                                   ANDREA L. JOLLIFFE
                                   Georgia Bar No. 176556

<u>Athens</u>:
440 College Avenue North
Suite 120
Athens, GA  30601-2773
Tel:  706-316-0231
E-Mail:  andrea@hallboothsmith.com

                                   */s/ Kevin D. Abernethy*
                                   KEVIN D. ABERNETHY
                                   Georgia Bar No. 142310

                                   */s/ Russell Britt*
                                   RUSSELL BRITT
                                   Georgia Bar No. 473664

<u>Atlanta</u>:
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
E-Mail:  kabernethy@hallboothsmith.com
E-Mail:  rbritt@hallboothsmith.com

                                   *Attorneys for Defendant*

51350923-1