IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANE DOE I, individually and as next friend of JANE DOE II, a minor,  )<br>)<br>)<br>  Plaintiffs,  )<br>)<br>  v.  )<br>)<br>BIBB COUNTY SCHOOL DISTRICT,  )<br>)<br>  Defendant.  )<br>) | CIVIL ACTION NO. 5:12-CV-468(MTT) |

## ORDER

This matter is before the Court on the Plaintiffs' motion to amend (Doc. 37) and the Defendant's motion to dismiss (Doc. 39).[1] For the following reasons, the Plaintiffs' motion is **GRANTED in part and DENIED in part**, and the Defendant's motion is **GRANTED**.

Plaintiff Jane Doe I brings this action on behalf of her daughter, Plaintiff Jane Doe II,[2] based on allegations that other students sexually harassed Jane Doe II while she was a special education student at Northeast High School. The Plaintiffs seek relief pursuant to 42 U.S.C. § 1983 and Title IX, as well as attorney's fees pursuant to 42 U.S.C. § 1988.

---

[1] The Defendant proposes that the Court treat the motion to dismiss as a motion for judgment on the pleadings, and the Plaintiffs have informed the Court they do not object to this.

[2] Though Jane Doe I initially brought this action in her individual capacity and on behalf of Jane Doe II, as discussed below, the Plaintiffs have agreed to dismiss Jane Doe I's individual claims.

## I. DISCUSSION

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." *Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta*, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994).

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks

and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely give[n] ... when justice so requires." The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotations marks and citation omitted).

Defendant Bibb County School District has only moved to dismiss the § 1983 claims in the Plaintiffs' complaint, or should the Court grant the Plaintiffs' motion to amend, the § 1983 claims in the Plaintiffs' proposed amended complaint.[3] The Plaintiffs have agreed to dismiss both Jane Doe I and Jane Doe II's §1983 claims with prejudice. (Doc. 42 at 4-6).

In their motion to amend, the Plaintiffs seek to add allegations that Jane Doe I suffered emotional distress and mental anguish as a result of the Defendant's conduct. Additionally, the Plaintiffs seek to amend paragraphs 33(a) and 33(b) of the complaint,

---

[3] The § 1983 claims are unchanged in the proposed amended complaint—the only difference is the type of relief sought for Jane Doe I, which is discussed below. (Docs. 11 at ¶¶ 49-52; 37-3 at ¶¶ 49-52).

relating to alleged 2002 and 2008 incidents of sexual assault,[4] to conform those allegations to recently produced discovery.  The Defendant contends the portions of the amended complaint relating to Jane Doe I's alleged emotional distress would be subject to dismissal because Jane Doe I lacks standing to advance an individual claim under either Title IX or § 1983.  In addition to agreeing to dismiss the § 1983 claims, the Plaintiffs also agree to dismiss Jane Doe I's Title IX claim with prejudice.  (Doc. 42 at 5).  The Plaintiffs concede that, in light of the dismissal of all Jane Doe I's individual claims, the portions of the proposed amended complaint seeking relief for Jane Doe I's emotional distress and those seeking recovery of her lost income are moot.

The Defendant has not opposed the alterations in paragraphs 33(a) and 33(b) of the proposed amended complaint relating to the 2002 and 2008 sexual assaults.  The Court finds justice requires amendment to the extent the Plaintiffs are altering these two paragraphs.

## II.   CONCLUSION

The Plaintiffs' motion to amend (Doc. 37) is **GRANTED in part and DENIED in part**, and the Defendant's motion to dismiss (Doc. 39), treated as a motion for judgment on the pleadings, is **GRANTED**.  The Plaintiffs' § 1983 claims and Jane Doe I's Title IX claim are **DISMISSED with prejudice**.  The Plaintiffs are **ORDERED** to recast their amended complaint to comply with this Order.

---

[4] Part of the Plaintiffs' legal theory is that the Defendant was aware of previous instances of sexual harassment by students but that it was deliberately indifferent and failed to respond appropriately.  (Docs. 11 at ¶¶ 33-37; 37-3 at ¶¶ 33-37).

**SO ORDERED**, this the 17th day of December, 2013.

                                              <u>S/ Marc T. Treadwell</u>
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT