IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANE DOE I, as next friend of JANE DOE II,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>BIBB COUNTY SCHOOL DISTRICT,  )<br>)<br>Defendant.  )<br>) | CIVIL ACTION NO. 5:12-CV-468 (MTT) |

### ORDER

The Plaintiffs have moved the Court to reconsider its order granting the Defendant's motion for partial summary judgment. (Doc. 102). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

In the order granting the Defendant's motion, the Court ruled that the Plaintiffs could not advance a theory of liability based on conduct occurring before the alleged

assault on Jane Doe II. Specifically, the Court ruled that the Plaintiffs could not rely on two prior incidents of student-on-student sexual assault to prove the Defendant's liability for Jane Doe II's assault. The prior incidents, one of which occurred in 2002 and the other in 2008, involved different victims and different perpetrators. In its order, the Court noted that it had found only two cases allowing plaintiffs to base liability on prior incidents of harassment that did not involve the same victim or the same perpetrator. For the reasons discussed in that order, neither case supported the Plaintiffs' theory of liability based on the 2002 and 2008 incidents. Nevertheless, the Court observed that it could not "foreclose the possibility of Title IX liability based on a defendant's knowledge of prior harassment of victims other than the plaintiff by different perpetrators." (Doc. 100 at 15).

In their motion for reconsideration, the Plaintiffs seize upon this observation and what the Plaintiffs believe to be a misapplication of summary judgment principles[1] and ask the Court to take Title IX jurisprudence far beyond its current boundaries. Effectively acknowledging that the 2002 prior incident is clearly insufficiently similar to Jane Doe II's assault, the Plaintiffs point to some factual similarities between the 2008 assault and Jane Doe II's assault and argue that a jury should decide whether the two events are sufficiently similar to satisfy Title IX's actual knowledge requirement.[2]

It is true that the Court looked at the alleged factual similarities between the 2008 assault and Jane Doe II's assault and concluded that they were not sufficiently similar to

---

[1] The Court acknowledges that federal courts sometimes take an overly expansive view of cases that can properly be resolved by summary judgment. *See Tolan v. Cotton*, 134 S. Ct. 1861 (2014).

[2] Specifically, with regard to Title IX claims based on harassment occurring before Jane Doe II's harassment, "the substance of the actual notice must be sufficient to alert the school official of the possibility of the Title IX plaintiff's harassment." *Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1254 (11th Cir. 2010). *School Board of Broward County* involved prior complaints made by other victims of harassment by the same teacher who allegedly assaulted the plaintiff.

satisfy the actual knowledge requirement. It is also true that the Court, having strayed far beyond the boundaries of Title IX liability recognized by the Eleventh Circuit, could have held that the Plaintiffs could not at all base Title IX liability on prior incidents involving different victims and different perpetrators. Nevertheless, recognizing that the precise boundaries of what may constitute actual knowledge remain undefined, the Court examined the alleged factual similarities between the 2008 incident and Jane Doe II's assault and concluded that they were clearly insufficient to get the Plaintiffs where they wanted to be. The Court stands by that conclusion.

Regarding the Plaintiffs' argument that the Court erred in excluding evidence of sex crimes the Defendant reported to the Georgia Department of Education, the Plaintiffs do not contest that there is no evidence in the record of the factual circumstances of any prior incidents other than the 2002 and 2008 incidents the Court has already considered. The point the Court was making in discussing the lack of statistical interpretation was that even assuming the number of sex crimes reported by the Defendant in comparison to those reported by other school districts could somehow show its actual knowledge of a substantial risk of abuse to other students, there was no analysis to show the number of incidents reported by the Defendant was statistically significant.

Finally, the Plaintiffs argue the Court erred in excluding "evidence of feasible, customary precautions used by neighboring Georgia school districts." The Plaintiffs base their argument on the test used by district courts outside this circuit that the Court quoted in its order: "whether the appropriate official possessed enough knowledge of the harassment that he or she reasonably could have responded with remedial

measures to address the kind of harassment upon which [the] plaintiff's legal claim is based." (Doc. 100 at 11-12). The key point is the harassment must be of the same kind so that the same remedial measures would address both the past harassment and the plaintiff's harassment. The Court has already found it is not.

For the foregoing reasons, the Plaintiffs' motion for reconsideration (Doc. 102) is **DENIED**.

**SO ORDERED**, this 24th day of February, 2015.

                                                      S/ Marc T. Treadwell
                                                     MARC T. TREADWELL, JUDGE
                                                     UNITED STATES DISTRICT COURT